UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.     Case No. 8:93-CR-158-T-27TGW

HENRY FRANCIS
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for Sentence Reduction Under the First Step Act of 2018 (Dkt. 407) and the United States' Response in Opposition (Dkt. 408). United States Probation submitted its Memorandum recommending Defendant is eligible for a sentence reduction under Section 404 of the First Step Act (Dkt. 402).[1] Upon consideration, Defendant's Motion for Sentence Reduction Under the First Step Act of 2018 (Dkt. 407) is **DENIED**.

Defendant stands convicted of conspiracy to possess with intent to distribute 50 grams or more of cocaine base and a quantity of cocaine (Count One), distribution of crack cocaine (Counts Three and Four), possession with intent to distribute crack cocaine (Count Five) and possession with intent to distribute cocaine (Count Six) (Dkt. 179). He was sentenced to concurrent terms of 262 months on Counts One, Three, Four and Five, and a concurrent term of 240 months on Count Six, followed by concurrent 5 year terms of supervised release on each count (Id.).

The Fair Sentencing Act, enacted August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372. *United States v. Harris*, No. 19-13014, 2020 WL 1158671 (11th Cir. Mar. 10, 2020). Section 404 of the First Step Act, Pub. L. No. 115-391, made

---

[1] While Defendant completed the sentence in this case (Dkt. 385), he is serving a consecutive term of imprisonment in Case No. 8:93-cr-304-T-23TGW.

retroactive the reduction in statutory penalties modified by the Fair Sentencing Act. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404(b) (2018).

It is undisputed that Defendant is otherwise eligible for a sentence reduction under the First Step Act as to Counts One, Three, Four and Five, since those offenses are "covered offenses" under the First Step Act and the statutory penalties for those offenses were modified by the FSA.[2] However, Count Six is not a "covered offense," since it involved cocaine rather than cocaine base. Accordingly, the court is not authorized to reduce the sentence on Count Six. *See United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020).

Notwithstanding his eligibility for a sentence reduction under the First Step Act on Counts One, Three, Four and Five, I exercise my discretion under Section 404(b) not to reduce his sentence. The First Step Act authorizes, but does not require, the court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act ... were in effect at the time the covered offense was committed." § 404(b). Section 404(c) expressly states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

After considering the factors in 18 U.S.C. § 3553(a), including Defendant's conduct while in prison, I find that a sentence reduction is not warranted. His offenses were serious, as he was held accountable for more than 412 grams of cocaine base and more than 186 grams of cocaine (Dkt. 402)). When arrested, he was armed with a 9 mm handgun (PSR, ¶ 19). His guidelines were enhanced for obstruction of justice for conspiring to arrange the killing of the informant, arresting agent and prosecutor, and arranging for a false alibi defense (Id., ¶¶ 13-15). The need to reflect the

---

[2] In accordance with the Omnibus Order (Case No. 8:19-mc-10-T-23), the United States Probation Office submitted a memorandum confirming Defendant's eligibility for a sentence reduction under the First Step Act, and an amended guidelines range of 135-168 months (Dkt. 402).

seriousness of the offense, promote respect for the law, promote deterrence and protect the public all mitigate against a reduced sentence.

Alternatively, since his sentence has been served and he is currently serving a life sentence without a release date, his motion under the First Step Act is moot. He has not carried his burden of showing "some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2001). The only undischarged portions of his sentence are the terms of supervised release, which would not begin to run until he is released. But he will never be released from his life sentence, and therefore will never serve those terms of supervision. *See United States v. Rodriquez-Berrios*, 573 F.3d 55, 60 n.1 (1st Cir. 2009). The possibility that his life sentence could be reduced is too speculative to preserve jurisdiction.

Defendant's *pro se* Motion Under Section 404 of the First Step Act, etc. for a sentence reduction (Dkt. 400) is **DENIED** as moot.

**DONE AND ORDERED** this 16th day of March, 2020.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record, Defendant. U.S. Probation